### CHAMBERLAYNE v. AMERICAN LAW BOOK CO.

(Circuit Court, E. D. New York. November 19, 1906.)

#### No. 1.

1. FRAUD—FALSE REPRESENTATIONS—ACTIONABLE STATEMENTS.

A person contracting to write a law treatise on a given subject in legal contemplation holds himself out as conversant with the subject and as a competent law writer able to perform the, contract, and a representation made to him by the other party that he can complete the work within the time limited by the contract is not a representation of fact, but merely the expression of an opinion upon a matter of which he should have the greater knowledge, and cannot be made the basis of an action for deceit or false representations.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fraud, §§ 9–13.]

2. SAME—ACTIONS—ALLEGATION OF DAMAGES.

An allegation in the complaint, in an action for false representations inducing plaintiff to enter into a contract to write a law treatise, that by reason of such false, representations the compensation agreed upon was "at least five thousand dollars less than it would have been had such representations been true," affords no basis for the recovery of damages, since those alleged are wholly speculative and incapable of proof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fraud, §§ 24, 42.]

At Law. On demurrer to complaint.

The plaintiff alleged in his complaint that on October 1, 1902, he entered into a contract with defendant by which he agreed and undertook to write for the defendant a legal article of not more than 1,000 printed pages, on the subject "Evidence," for publication in the Cyclopedia of Law and Procedure, to be completed by January 1, 1904, and for which plaintiff was to receive the sum of $5,000; that plaintiff was at the time a practicing lawyer and had for many years prior thereto enjoyed a favorable reputation as an authority and writer on the law relating to the subject of evidence; that, to induce him to enter into said contract, defendant's officers, acting in its behalf, falsely and fraudulently represented to him that an article such as was required by the contract "could be written by a competent writer between said 15th day of September, 1902, and the 1st day of January, 1904"; and also made other false and fraudulent representations in reliance on which plaintiff entered into the contract.

The complaint further alleged:

"(14) That the compensation agreed upon for the preparation and writing of said article or treatise on the subject 'Evidence' was at least five thousand (5,000) dollars less than it would have been had defendant's representations been true; that with the exception of two short summer vacations and other temporary absences the plaintiff was constantly employed therein for a period of twenty-eight (28) months, instead of fourteen (14) months, as he would have been had defendant's representations been true; and that by reason of plaintiff's continued absence from his business he has completely lost his clientage and practice which he would not have done had defendant's representations been true.

"(15) That by reason of the premises plaintiff has been damaged fifteen thousand (15,000) dollars."

To the complaint defendant filed a general demurrer.

Field & Chittenden, for plaintiff.
Judson & Hale, for defendant.

THOMAS, District Judge. The allegations in the complaint must, in view of the demurrer, be accepted as true statements of fact. The plaintiff devotes his brief to showing that such allegations are made in due form, but he does not illustrate that such false representations are actionable, or that any legal damage resulted therefrom. The plaintiff, in legal contemplation, held himself out as a person conversant with the subject upon which he contracted to write, and as a law writer able to perform the contract into which he entered. The alleged representation that he could perform the work within the time limited by the contract seems to be an expression of opinion as to the working capacity of a competent writer, in view of the work to be done under the contract, and not a statement of a past and existing fact. The facts alleged pertain to the ability of the plaintiff to perform the contract, of which the plaintiff had knowledge necessarily beyond any information that the defendant could possess. The plaintiff's mental equipment, his faculties for writing the article, his readiness, dispatch, and physical endurance in disposing of his duty, were matters largely subjective, and cannot be made the basis of an action for deceit or false representations. Slaughter's Administrator v. Gerson, 80 U. S. 379, 20 L. Ed. 627.

The eighth subdivision of the complaint alleges that the defendant "falsely and fraudulently stated and represented that a payment of five (5) dollars per printed page for such article or treatise was at the rate of compensation paid to defendant's most favored author, and

falsely and fraudulently stated and represented to plaintiff that Hon. John F. Dillon, a former circuit judge of the United States and a very eminent and highly remunerated writer on legal topics, was an author of articles in said 'Cyc.' "; and in subdivision 10 it is stated that the defendant, through its president, "falsely and fraudulently stated and represented that a payment of five thousand (5,000) dollars for an article or treatise on said subject, to consist, as nearly as practicable, · of not more than one thousand (1,000) pages, the author paying for his own clerical assistance, was at the rate of compensation paid to defendant's most favored author, and was a just and reasonable compensation for such services on the part of the plaintiff as were contemplated by the defendant, and were the same or 'as good as' the compensation paid the Honorable John F. Dillon for similar services."

It is further alleged that said Dillon "had never written an article or treatise for defendant"; and that "in truth the defendant was paying its staff writers, who enjoyed no reputation as specialists upon any topics of the law, five and $^{00}/_{100}$ dollars per printed page and in addition furnished them free of charge with all necessary clerical assistance, and that the defendant had a subsisting contract with Judge Seymour D. Thompson whereby the said Seymour D. Thompson was to furnish his own clerical assistance and was to receive for an article or treatise, to consist, when printed, as nearly as practicable of nine hundred (900) pages all told, including the analyses, the sum of nine thousand ($9,000) dollars, besides other concessions of substantial value."

There is grave doubt whether the action may be predicated upon false and fraudulent representations of this kind. However that may be, it is considered that the complaint does not state any legal damage arising therefrom. Certainly such allegations as to false statements regarding "the compensation paid to defendant's most favored author" does not entitle the plaintiff to recover damages under the statement that:

"The compensation agreed upon for the preparation and writing of said article or treatise on the subject of 'Evidence' was at least five thousand (5,000) dollars less than it would have been had defendant's representations been true."

This is purely speculative. How can any court or jury ascertain that the defendant would, had it not made such false allegations, have made the contract price $10,000 instead of $5,000? The plaintiff's proposition is equivalent to this: If the defendant had not represented to the plaintiff that it was undertaking to compensate him at a rate equal to the best rate paid to any other of its authors or writers, it would have contracted to pay him for the proposed service twice the sum that it did agree to pay him, and twice the rate it represented itself as paying its most favored authors. This is not an allegation of any fact, ·but a statement of the condition of mind of the defendant's agent, and of a contract that such mental state would have prompted such agent to make. No evidence could be given of what the defendant would

have done in this regard. How, then, is an allegation to that effect sufficient?

The demurrer is sustained, with leave to the plaintiff to plead over within 30 days, upon payment of costs.